UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


GERARD SPAGNUOLO,                )
    Petitioner,              )
                             )      CRIMINAL NO. 02-10062-DPW
        v.                     )
                             )
UNITED STATES OF AMERICA,         )
    Respondent.              )


MEMORANDUM AND ORDER
February 23, 2009

The defendant, who chose to try this case *pro se*, was convicted of possessing controlled substances with the intent to distribute them in violation of 21 U.S.C. § 841(a)(1).  He was unsuccessful in overturning that conviction when represented by counsel on appeal.  *United States v. Spagnuola*, 469 F.3d 39 (1st Cir. 2006).  In this motion under 28 U.S.C. § 2255, resorting again to *pro se* representation, he claims his appellate counsel was ineffective.  I find the motion to be without merit.

Although less than fully argued, the defendant's motion contends that his appellate "counsel raised [the] *least* likely issue to succeed on appeal."  Appellate counsel, without disclosing the substance of what appear to have been extensive consultations with the defendant, has filed an affidavit in response to defendant's motion stating "I raised in the brief the only issue that presented a possibility of success."

After considering the specific issues raised by the

-1-

defendant in his § 2255 motion, I am satisfied that his appellate counsel's assessment was correct. In fact, it appears there was no issue in this case that presented any possibility of success on appeal.  I can find no basis on which to fault the representation provided by appellate counsel or to find some prejudice to the defendant from the failure to raise additional non-meritorious appellate issues.

Reordering and taking the defendant's collection of issues in the chronological order of the travel of the case, I conclude:

• Even assuming that there was some Speedy Trial Act error in the lapse of time between complaint and indictment, such an error would have had no material impact on the conviction after indictment.

• The claim that the dismissal of certain counts in the indictment on Speedy Trial Act grounds, followed by a direction to the government to elect the location where the controlled substances charged in the remaining drug count were alleged to have been found, somehow (1) displaced the grand jury's indictment, (2) violated the notice requirement of Fed. R. Crim. P. 7, (3) improperly introduced a new theory, or (4) permitted irrelevant evidence to be considered is without merit.  The dismissal and election merely pared down what the grand jury had charged to a clearly non-duplicitous count the evidence for which could fairly include other drug transactions by the defendant.

• Even assuming - as appears unsupported in the record - that the defendant had preserved an instruction issue through objection during his pro se representation at trial, there was an entirely appropriate unanimity instruction delivered to the jury in the case.

• Even assuming - as appears unsupported by the case law - that the gambit of alleging ineffective assistance of counsel can permit a defendant to raise an alleged monetary sentencing error through a § 2255 motion, there was no prejudice. The imposition of a $5,000.00 fine was appropriate under the Sentencing Guidelines as they stood at the time of sentencing, and, even if granted total discretion in fashioning a sentence, the fine is one I would impose today.

• The defendant, who claimed to be in forma pauperis and had - before undertaking to proceed pro se - been determined indigent and received the services of appointed counsel paid directly by the court under the Criminal Justice Act, was nevertheless apparently capable of engaging an investigator who sought and obtained payment for services from the defendant directly.  The Criminal Justice Act does not provide for reimbursement for such services to putatively indigent defendants; if such services are appropriately rendered and properly charged they may only be paid with CJA funds directly to the vendor.

Accordingly, having reviewed the defendant's belated assertion of additional issues understandably not raised on direct appeal, I find no grounds for granting relief under 28 U.S.C. § 2255.


/s/ Douglas P. Woodlock

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE